UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALLIED WORLD NATIONAL | * | |
| ASSURANCE COMPANY | * | |
| | * | CIVIL ACTION NO. 3:21-cv-00431 |
| Plaintiff | * | |
| | * | |
| VERSUS | * | |
| | * | JUDGE: BRIAN A. JACKSON |
| | * | |
| | * | MAG. JUDGE: |
| | * | ERIN WILDER-DOOMES |
| NISUS COPORATION, ET AL. | * | |
| | * | |
| Defendants | * | |

**SPEARS MANUFACTURING COMPANY'S ANSWER TO
COMPLAINT OF ALLIED WORLD NATIONAL ASSURANCE COMPANY**

COMES NOW, through undersigned counsel, Spears Manufacturing Company ("Spears"), and in response to the Complaint of Allied World National Assurance Company ("Allied") with respect avers:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Responding to the individual paragraphs of the Complaint, Defendant Spears respectfully avers:

1.

The allegations in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

Defendant Spears admits that it is a Nevada corporation with its principal place of business in Nevada. Defendant denies the remaining allegations contained in paragraph 3.

4.

Defendant Spears admits that jurisdiction is proper.

5.

Defendant Spears admits that personal jurisdiction is proper over Spears. Defendant Spears denies the remaining allegations contained in Paragraph 5, specifically that Spears caused injury or damage in Louisiana.

6.

Paragraph 6 contains a legal conclusion which Defendant is not required to respond to, however, Defendant Spears admits that long-arm jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment.

7.

Defendant Spears admits that venue is proper in the Middle District of Louisiana.

8.

The allegations in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

Defendant Spears admits that it manufactures FlameGuard® chlorinated polyvinyl chloride ("CVPC") pipes. Defendant Spears denies the remaining allegations for lack of sufficient information.

16.

The allegations in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Defendant Spears admits that it manufactures fittings to be used in conjunction with its FlameGuard® pipe systems and that it manufactures FS-5 One-Step CPVC cement to used in conjunction with FlameGuard® pipe systems.

18.

The allegations in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations in Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations in Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations in Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations in Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations in Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations in Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations in Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations in Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations in Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations in Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations in Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations in Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations in Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations in Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations in Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations in Paragraph 39 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

40.

The allegations in Paragraph 40 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

41.

The allegations in Paragraph 41 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

42.

The allegations in Paragraph 42 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

43.

The allegations in Paragraph 43 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

44.

The allegations in Paragraph 44 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

45.

The allegations in Paragraph 45 are denied.

46.

The allegations in Paragraph 46 are denied.

47.

The allegations in Paragraph 47 are denied.

48.

The allegations in Paragraph 48 are denied.

49.

The allegations in Paragraph 49 are denied.

50.

The allegations in Paragraph 50 are denied.

51.

The allegations in Paragraph 51 are denied.

52.

Defendant Spears admits that its products are available for purchase in Louisiana. The remaining allegations contained in paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations in Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations in Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations in Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

56.

The allegations in Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations in Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations in Paragraph 58 are denied for lack of sufficient information to justify a belief therein. Furthermore, Defendant Spears specifically denies that its products caused damage to Plaintiff.

59.

The allegations in Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations in Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations in Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations in Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations in Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

Defendant Spears admits that a Tender of Defense and Indemnity was issued to Spears on May 17, 2021.

65.

Defendant Spears admits that it has not compensated Plaintiff for any alleged damage caused by its products to date.

66.

Defendant Spears specifically denies liability to Plaintiff Allied for any damage allegedly

caused by Defendant's products, including any damages allegedly caused by Defendants

FlameGuard® pipe systems, fittings, and/or FS-5 One-Step CPVC cement.

## COUNT I – NISUS' UNREASONBLY DANGEROUS PRODUCT

67.

Defendant Spears' preceding responses are incorporated by reference as if fully set forth

herein.

68.

The allegations in Paragraph 68 are not directed towards Defendant Spears, however, to

the extent that they are, the allegations are denied for lack of sufficient information to justify a

belief therein.

69.

The allegations in Paragraph 69 are not directed towards Defendant Spears, however, to

the extent that they are, the allegations are denied for lack of sufficient information to justify a

belief therein.

70.

The allegations in Paragraph 70 are not directed towards Defendant Spears, however, to

the extent that they are, the allegations are denied for lack of sufficient information to justify a

belief therein.

71.

The allegations in Paragraph 71 are not directed towards Defendant Spears, however, to

the extent that they are, the allegations are denied for lack of sufficient information to justify a

belief therein.

72.

The allegations in Paragraph 72 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

73.

The allegations in Paragraph 73 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

74.

The allegations in Paragraph 74 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT II – NISUS' FAILURE TO WARN

75.

Defendant Spears' preceding responses are incorporated by reference as if fully set forth herein.

76.

The allegations in Paragraph 76 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

77.

The allegations in Paragraph 77 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a

12

belief therein.

<div align="center">78.</div>

The allegations in Paragraph 78 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

<div align="center">79.</div>

The allegations in Paragraph 79 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

<div align="center">80.</div>

The allegations in Paragraph 80 are not directed towards Defendant Spears, however, to the extent that they are, the allegations are denied for lack of sufficient information to justify a belief therein.

<div align="center">

**COUNT III – SPEARS' UNREASONABLY DANGEROUS PRODUCTS**

</div>

<div align="center">81.</div>

Defendant Spears' preceding responses are incorporated by reference as if fully set forth herein.

<div align="center">82.</div>

Defendant Spears admits that it is a "manufacturer" as that term is defined in the Louisiana Products Liability Act.

<div align="center">83.</div>

Defendant admits that it designed and manufactured the CPVC piping that was used in the

<div align="center">13</div>

Nicholson Gateway Project.

<div align="center">84.</div>

The allegations in Paragraph 84 are denied.

<div align="center">85.</div>

The allegations in Paragraph 85 are denied.

<div align="center">86.</div>

The allegations in Paragraph 86 are denied. Specifically, Defendant Spears denies that Spears' products were the proximate cause of any of Plaintiff's damages.

<div align="center">87.</div>

The allegations in Paragraph 87 are denied for lack of sufficient information to justify a belief therein. Defendant Spears specifically denies that Plaintiff's insured suffered property damage from a reasonably anticipated use of Spears' CPVC pipe and cement.

<div align="center">88.</div>

Defendant Spears specifically denies that it is liable to Plaintiff Allied under the LPLA.

<div align="center">**COUNT IV – SPEARS' FAILURE TO WARN**</div>

<div align="center">89.</div>

Defendant Spears' preceding responses are incorporated by reference as if fully set forth herein.

<div align="center">90.</div>

The allegations in Paragraph 90 are denied. Defendant Spears specifically denies that Spears' CVPC pipe, fittings, and cement cause damage when used properly.

<div align="center">91.</div>

The allegations in Paragraph 91 are denied. Defendant Spears specifically denies that it

<div align="center">14</div>

failed to provide an adequate warning to users of the compatibility of its products with other chemicals.

92.

The allegations in Paragraph 92 are denied. Defendant Spears specifically denies that Plaintiff's damages were caused by Spears' CVPC pipe fittings, and cement being incompatible with Bora-Care.

93.

The allegations in Paragraph 93 are denied. Defendant Spears specifically denies that Plaintiff's insured suffered property damage from a reasonably anticipated use of Spears' CPVC pipe and cement.

94.

Defendant Spears specifically denies that it is liable to Plaintiff under the LPLA.

## COUNT V – REDHIBITION, NEGLIGENCE, AND
## BREACH OF WARRANTY AGAINST SPEARS

95.

Defendant Spears' preceding responses are incorporated by reference as if fully set forth herein.

96.

Defendant Spears denies that it is allegedly liable under any theory outside the LPLA and specifically denies that it is liable under theories of redhibition, negligence, breach of warranty, breach of implied warranty, and breach of warranty of fitness for ordinary use.

## THIRD DEFENSE

The Complaint fails to state a right of action against Spears.

## FOURTH DEFENSE

All causes of action or claims for relief alleged in the Complaint are barred by prescription, the applicable statute of limitations, statute of response, and/or by the equitable doctrines of laches and estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred or limited for failure of Plaintiff or Plaintiff's insureds to timely inspect or investigate any apparent damages, for failing to mitigate damages, failing to take any timely remedial action, and/or failing to timely file claims.

## FIFTH DEFENSE

Defendant Spears specifically avers the applicability and exclusivity of the Louisiana Products Liability Act ("LPLA") (La. R.S. 9:2800.51, *et seq.*) and specifically avers that Plaintiff is not entitled to recovery against it under any of the exclusive theories of products liability recovery set forth therein.

## SIXTH DEFENSE

Defendant Spears specifically avers that the products identified in Plaintiff's Complaint possess no characteristics which render them unreasonably dangerous in a reasonably anticipated use as defined by the LPLA. (La. R.S. 9:2800.51, *et seq.*).

## SEVENTH DEFENSE

Defendant Spears specifically avers the applicability of La. R.S. 9:2800.59 and that all products designed, manufactured, packaged, labeled, sold, and distributed by Spears were done in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore, Spears can have no liability in the premises.

## EIGHTH DEFENSE

Defendant Spears specifically avers that Plaintiff is not entitled to allege recovery under any theory of recovery not expressly set forth within the exclusive provisions of the LPLA.

## NINTH DEFENSE

Defendant Spears specifically avers that any damages and/or losses and/or expense incurred that Plaintiff alleges it has sustained and/or will sustain, were the result of Plaintiff's insured's own fault and breach of their contractual obligations of good workmanship, for permitting the installation of application by spraying or otherwise of incompatible chemicals, sprays, or any other foreign substance or material on any of the CPVC pipe, and/or were caused by the fault of third persons or other parties, including the fault of Plaintiff's insured's contractors and subcontractors that installed or applied, by spraying or otherwise, incompatible chemicals, sprays, or any other foreign substance or material to any of the CPVC pipe.

## TENTH DEFENSE

Defendant Spears specifically avers that any damages allegedly sustained by Plaintiff and its insured are solely and proximately the result of Plaintiff's and its insured's voluntary assumption of known risks, dangers, and/or hazards, all of which were or should have been obvious and known to Plaintiff and its insured, and therefore Plaintiff is estopped from claiming any right of recovery whatsoever against Spears for any alleged damages.

## ELEVENTH DEFENSE

Defendant Spears specifically avers that Plaintiff's insureds and/or their contractors or subcontractors were sophisticated users of CPVC piping and knew or should have known of the possible risks, hazards, and/or dangers which are the subject of this complaint. Because Plaintiff's insureds were sophisticated users, Spears did not have a duty to warn or had a limited duty to warn

of the possible risks, hazards, and/or dangers of CPVC piping.

## TWELFTH DEFENSE

Defendant Spears specifically avers that it fulfilled any duty to warn sophisticated users, including Plaintiff's insureds. Defendant Spears further specifically alleges that Plaintiff and at least one of Plaintiff's insureds, The Lemoine Company, LLC ("Lemoine"), had prior experience with Spears' manufactured piping and fittings and specifically knew and/or held special knowledge related to the effects of various chemicals being applied to Spears manufactured piping and fittings. Defendant Spears specifically alleges that Plaintiff and Lemoine had expertise, training, and education related to Spears piping and chemical interactions.

## THIRTEENTH DEFENSE

Defendant Spears specifically avers that any damages allegedly sustained by Plaintiff and its insureds are the result of Plaintiff's insureds' and/or its contractors' or subcontractors' failure to properly heed warnings and/or instructions included with and on Spears' products and/or the warnings and/or instructions included with any chemicals and/or other products which were applied to or were otherwise in contact with Spears' manufactured piping and fitting. The failure to heed these warnings and/or instructions was the proximate cause of Plaintiff's damages.

## FOURTEENTH DEFENSE

Plaintiff's insureds and/or their contractors or subcontractors failed to exercise reasonable care and/or take reasonable precautions which would have prevented the damages Plaintiff now claims. Plaintiff's insureds further failed to supervise all personnel working on the Project, including contractors, subcontractors, and/or consultants prior to the application of incompatible chemicals and/or other products to Spears piping and fittings. This failure estops Plaintiff from recovering damages from Spears.

## FIFTEENTH DEFENSE

Plaintiff's insureds and/or its insured's contractors or subcontractors failed to and/or did not substantially comply with the proper installation, use, maintenance, and/or operation of Spears' piping and fittings. The failure to properly install, use, maintain, and/or operate the piping and fitting was the proximate cause of Plaintiff's damages.

## SIXTEENTH DEFENSE

It has been widely known in the construction industry for many years that CPVC pipe may be incompatible with various chemical sprays and other materials, including pesticides and moldicides. Upon information and belief, Nisus' Bora-Care and Bora-Care with Mold Care contain chemicals which are incompatible with Spears' CPVC piping and fittings. Plaintiff, its insured, and its insured's contractors and subcontractors all knew or should have known of the presence of those chemicals in Nisus' chemical spray and all knew or should have known of its actual and/or potential incompatibility with Spears' CPVC piping and fittings.

## SEVENTEENTH DEFENSE

In the alternative, and only in the event that Plaintiff establishes liability on the part of Spears or any other party for whom Spears would be responsible, which is specifically denied, Spears specifically avers that Plaintiff, its insured, and its insured's contractors and subcontractors were contributorily and/or comparatively negligent and recovery herein is defeated or mitigated, or reduced by the percentage of fault allocable to Plaintiff's, its insured's, and its insured's subcontractors' negligence.

## EIGHTEENTH DEFENSE

In the further alternative, Spears specifically avers that Plaintiff, its insured, and its insured's contractors and subcontractors have failed to mitigate any alleged damages and recovery

herein is defeated or mitigated.

## NINETEENTH DEFENSE

Any damages Plaintiff alleges it has sustained were the result of superseding actions of a third party for which Spears has no responsibility, or by intervening events, factors, circumstance, occurrences, or conditions that were in no way caused or contributed to by Spears, and over which Spears had no control.

## TWENTIETH DEFENSE

If any CPVC pipe or fittings manufactured by Spears were in fact installed into the buildings, Spears denies that any of that pipe or those fittings contained any defects that caused any of the alleged damages, or, in the alternative, Spears affirmatively avers that any defects in the pipe of fittings that resulted in damages were caused by an unforeseeable alteration, modification, and/or misuse of the pipe or fittings, including the application by spraying or otherwise of incompatible chemicals or other foreign substances or materials made by others, for whom Spears has no responsibility.

## TWENTY-FIRST DEFENSE

In the event that the jury or trier of fact finds that Spears bears any responsibility to Plaintiff, which Spears denies, then Spears is entitled to a credit for any amounts paid to Plaintiff by any and all parties or non-parties for the damages sought herein by Plaintiff.

## TWENTY-SECOND DEFENSE

In the alternative, Spears specifically avers the fault of others who may have specified or approved the use and application of incompatible products, including chemical pesticide or moldicide sprays or any other foreign material, made by others, on any piping or fittings manufactured by Spears that was installed in the buildings, when it or they knew or should have

known such pesticide or moldicide sprays or other foreign materials were incompatible with Spears' CPVC piping or fittings.

## TWENTY-THIRD DEFENSE

Defendant Spears denies that it breached any express or implied warranties with respect to any CPVC piping or fittings manufactured by Spears that may have been installed in the building.

## TWENTY-FOURTH DEFENSE

Defendant Spears pleads the terms, conditions, limitations of liability, and all warnings contained in any installation instructions and/or published information or materials which accompanied any CPVC piping or fittings manufactured by Spears that may have been installed in the building, otherwise published or made available by Spears, including on its website and including but not limited to the following warning against using Spears' piping or fittings around incompatible chemicals:

> **WARNING: DO NOT expose Spears® FlameGuard® CPVC Fire Sprinkler Products to edible oils, esters, ketones, or petroleum-based products, such as cutting oils, packing oils, traditional pipe thread paste or dopes, and some lubricants. Do not store or install CPVC products in direct contact with plasticizer containing materials such as electrical tape or certain wire and cable insulations. Consult with the chemical manufacturer for compatibility with CPVC or Spears® before use. Contact with incompatible chemicals could cause serious personal injury, property damage, and product damage.**

Moreover, the following warning was included directly on CPVC pipe manufactured by Spears:

> **REFER TO SPEARS INSTALLATION INSTRUCTIONS FOR LISTING LIMITATIONS AND REQUIREMENTS. WARNING: LIFE SAFETY SYSTEM DO NOT USE OR ALLOW CHEMICALS OR CABLES TO COME IN CONTACT WITH THIS CPVC FIRE SPRINKLER SYSTEM.**

## TWENTY-FIFTH DEFENSE

Defendant Spears further avers that the following warranty was included with its piping and fittings:

**Spears® FlameGuard® LIMITED LIFETIME WARRANTY:**

**COMPANY SHALL NOT BE LIABLE FOR, DOES NOT ASSUME, AND EXPRESSLY DISCLAIMS, ANY LIABILITY, RESPONSIBILITY AND DAMAGES: DUE TO ANY BUYER/END USER'S FAILURE TO COMPLY WITH THIS WARRANTY, INCLUDING IMPROPER INSTALLATION, USE OR OPERATION; USE WITH PRODUCTS FROM OTHER MANUFACTURERS THAT DO NOT MEET ASTM OR OTHER APPLICABLE PRODUCT STANDARDS; IMPROPER CONTROL OF SYSTEM HYDRAULICS, IMPROPER WINTERIZATION PROCEDURES, IMPROPER VOLTAGE SUPPLY, CONTACT WITH INCOMPATIBLE MATERIALS OR CHEMICALS, EXCAVATION/DIGGING, EXCESSIVE WEIGHT, AND VANDALISM; DUE TO REASONABLE WEAR AND TEAR AND DUE TO ANY ACTS OF NATURE, INCLUDING LIGHTNING, EARTHQUAKES, GROUND MOVEMENT, FROST HEAVE, OR FLOODS.**

## TWENTY-SIXTH DEFENSE

Defendant Spears specifically avers that any CPVC piping or fittings manufactured by Spears that may have been installed in the buildings would have been sold under an express limited warranty that contained the warning quoted in the previous affirmative defense, that specifically waived all other express or implied warranties under law, including the warranty of redhibition, and also waived all general, special, consequential, punitive or other damages recoverable by law, including attorney fees, and that limited Spears' liability for any defects in its products to the costs of repair or replace the defective pipe, or return of its price. Upon information and belief, Plaintiff, its insured, and its insured's contractors and subcontractors were at all material times fully aware of Spears' express limited warranty.

## TWENTY-SEVENTH DEFENSE

Defendant Spears denies that it breached any warranties with respect to the design,

manufacture, labeling, or distribution of any Spears product that may have been installed in the buildings.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by misuse or unintended use of the product in question.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue provided a benefit to users of such product and greatly outweighed any risk created by using such product, any risk could not have been avoided through the use of highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and the adequate warnings concerning the risks were provided.

## THIRTIETH DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence and the failure to preserve evidence necessary to the determination of the claims.

## THIRTY-FIRST DEFENSE

Because the Complaint is plead in conclusory terms, Defendant Spears cannot fully anticipate all affirmative defenses that may be applicable to this action and, therefore, reserves the right to assert any and all affirmative and/or additional defenses that may become applicable based on information learned during discovery.

## REQUEST FOR JURY TRIAL

Spears hereby demands a trial by jury on all issues and claims.

WHEREFORE, Defendant, Spears, prays that its Answer be deemed good and sufficient and that after due proceedings are had, there be judgment rendered in favor of Spears and against

Plaintiff, dismissing their suit at their costs and for all general and equitable relief. Defendant further prays for trial by jury on all issues so triable.

<div align="center" style="margin-left:50%">

Respectfully Submitted,

IRWIN, FRITCHIE, URQUHART, & MOORE

*/s/ Quentin F. Urquhart, Jr.*
Quentin F. Urquhart, Jr. (#14475)
Connor Peth (#39499)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
***Counsel for Spears Manufacturing Co.***

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 27th day of September, 2021.

*/s/ Quentin F. Urquhart, Jr.*