IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALLIED WORLD NATIONAL ASSURANCE COMPANY | * | CIVIL NO. 3:21-cv-00431-BAJ-EWD |
| | * | |
| Plaintiff, | * | JUDGE BRIAN A. JACKSON |
| | * | |
| VERSUS | * | |
| | * | MAG. JUDGE ERIN WILDER-DOOMES |
| NISUS CORPORATION and SPEARS MANUFACTURING COMPANY | * | |
| | * | |
| Defendants. | * | |
| | * | |

*************************************

## NISUS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND AND THIRD-PARTY COMPLAINT

**NOW INTO COURT**, comes Defendant, Nisus Corporation ("Nisus"), which hereby respectfully submits this Answer and Defenses to the Original Complaint ("Complaint") filed by Plaintiff, Allied World National Assurance Company ("Allied").

## ANSWER TO COMPLAINT

In response to the particular allegations in the Complaint, Nisus avers as follows:

### PARTIES

1.      The allegations in Paragraph 1 of the Complaint do not require a response from Defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.      The allegations in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Nisus is a Tennessee corporation with

its principal place of business in Rockford, Tennessee and who may be served in Louisiana through its registered agent for service of process, Louisiana Corporate & Registered Agent Services, Inc. To the extent the allegations of Paragraph 2 imply or can be construed to constitute a legal conclusion, they are denied on that basis.

3.      The allegations in Paragraph 3 of the Complaint do not require a response from Defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.


**JURISDICTION AND VENUE**

4.      Paragraph 4 of the Complaint asserts legal conclusions as to jurisdiction to which no response is required. To the extent a response is deemed necessary, Nisus admits that the parties are diverse and that, upon information and belief, the amount in controversy exceeds $75,000 such that jurisdiction is proper in this Court. Except as expressly stated above, Nisus denies any remaining allegations in Paragraph 4 of the Complaint and, to the extent they imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

5.      Paragraph 5 of the Complaint asserts legal conclusions as to jurisdiction to which no response is required. To the extent a response is deemed necessary, Nisus denies all allegations contained within paragraph 5 save and except to admit that Nisus transacts business in Louisiana. To the extent the allegations in Paragraph 5 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

6.      Paragraph 6 of the Complaint asserts legal conclusions as to jurisdiction to which no response is required. To the extent a response is deemed necessary, Nisus denies all

allegations contained within paragraph 6. To the extent the allegations in Paragraph 6 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

7.    Paragraph 7 of the Complaint asserts legal conclusions as to venue to which no response is required.  To the extent a response is deemed necessary, Nisus admits that venue is proper pursuant to 28 U.S.C. § 1391 because the Nicholson Gateway Project Development is situated within the United States District Court for the Western District of Louisiana in Baton Rouge, Louisiana.

## FACTUAL BACKGROUND

8.    The allegations in Paragraph 8 of the Complaint are admitted.

9.    The allegations in Paragraph 9 of the Complaint are admitted.

10.    The allegations in Paragraph 10 of the Complaint are admitted.

11.    The allegations in Paragraph 11 of the Complaint are admitted.

12.    The allegations in Paragraph 12 of the Complaint are admitted.

13.    The allegations in Paragraph 13 of the Complaint are admitted.

14.    The allegations in Paragraph 14 of the Complaint are admitted.

15.    The allegations in Paragraph 15 of the Complaint are admitted.

16.    The allegations in Paragraph 16 of the Complaint are admitted.

17.    The allegations in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.    The allegations in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.    The allegations in Paragraph 19 of the Complaint are denied.

20.     The allegations in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.     The allegations in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein save and except to admit that Nisus manufactures Bora-Care with Mold-Care®.

22.     The allegations in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.     The allegations in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.     The allegations in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.     The allegations in Paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.     The allegations in Paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.     The allegations in Paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.     The allegations in Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.     The allegations in Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.     The allegations in Paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31.    The allegations in Paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief therein.

32.    The allegations in Paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein.

33.    The allegations in Paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief therein.

34.    The allegations in Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief therein.

35.    The allegations in the first sentence of Paragraph 35 of the Complaint are denied as it relates to the exposure to Bora-Care with Mold-Care®.  The allegations in the second sentence of Paragraph 35 of the Complaint are denied as it relates to the exposure of Bora-Care with Mold-Care®.  The remaining allegations of the second sentence of Paragraph 35 of the Complaint are denied for lack of sufficient information to justify a belief therein.

36.    The allegations in Paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

37.    The allegations in Paragraph 37 of the Complaint are denied.

38.    The allegations in Paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief therein.

39.    The allegations in the first sentence of Paragraph 39 of the Complaint are denied. The allegations contained in the second sentence of Paragraph 39 are denied as written.  To the extent the allegations refer to a written document, Nisus avers that the written document is the best evidence of its contents, and any allegations that tend to expand, modify or vary the terms and conditions of the written document are expressly denied.

40.     The allegations in Paragraph 40 of the Complaint are denied.

41.     The allegations in Paragraph 41 of the Complaint are denied.

42.     The allegations in Paragraph 42 of the Complaint are denied.  To the extent the allegations refer to a written document, Nisus avers the written document is the best evidence of its contents, and any allegations that tend to expand, modify or vary the terms and conditions of the written document are expressly denied.

43.     The allegations in Paragraph 43 of the Complaint are denied.  To the extent the allegations refer to a written document, Nisus avers the written document is the best evidence of its contents, and any allegations that tend to expand, modify or vary the terms and conditions of the written document are expressly denied.

44.     The allegations in Paragraph 44 of the Complaint are denied.

45.     The allegations in Paragraph 45 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 45 of the Complaint are denied for lack of sufficient information to justify a belief therein.

46.     The allegations in Paragraph 46 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 46 of the Complaint are denied for lack of sufficient information to justify a belief therein.

47.     The allegations in Paragraph 47 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 47 of the Complaint are denied for lack of sufficient information to justify a belief therein.

48.     The allegations in Paragraph 48 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 48 of the Complaint are denied for lack of sufficient information to justify a belief therein.

49.     The allegations in Paragraph 49 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 49 of the Complaint are denied for lack of sufficient information to justify a belief therein.

50.     The allegations in Paragraph 50 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief therein.

51.     The allegations in Paragraph 51 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 51 of the Complaint are denied for lack of sufficient information to justify a belief therein.

52.     The allegations in Paragraph 52 of the Complaint are admitted.

53.     The allegations in Paragraph 53 of the Complaint are denied for lack of sufficient information to justify a belief therein.

54.     The allegations in Paragraph 54 of the Complaint are denied for lack of sufficient information to justify a belief therein.

55.     The allegations in Paragraph 55 of the Complaint are denied for lack of sufficient information to justify a belief therein.

56.     The allegations in Paragraph 56 of the Complaint are denied for lack of sufficient information to justify a belief therein.

57.     The allegations in Paragraph 57 of the Complaint are denied for lack of sufficient information to justify a belief therein.

58.     The allegations in Paragraph 58 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Nisus specifically denies any liability for any damage made the subject of Plaintiff's Complaint.

59.     The allegations in Paragraph 59 of the Complaint are denied for lack of sufficient information to justify a belief therein.

60.     The allegations in Paragraph 60 of the Complaint are denied for lack of sufficient information to justify a belief therein.

61.     The allegations in Paragraph 61 of the Complaint are denied for lack of sufficient information to justify a belief therein.

62.     The allegations in Paragraph 62 of the Complaint are denied for lack of sufficient information to justify a belief therein.

63.     The allegations in Paragraph 63 of the Complaint are admitted.

64.     The allegations in Paragraph 64 of the Complaint are denied for lack of sufficient information to justify a belief therein.

65.     The allegations in Paragraph 65 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Nisus denies the allegations contained within Paragraph 65 of the Complaint.  To the extent the allegations in Paragraph 65 imply or can be construed to be a legal conclusion, they are also denied on that basis.

66.     The allegations in Paragraph 66 of the Complaint are denied.

## COUNT I - NISUS' RESPONSE TO UNREASONABLY DANGEROUS PRODUCT

67.     Nisus realleges all prior responses to Paragraphs 1 through 66 as if copied herein *in extenso*.

68.     The allegations in Paragraph 68 of the Complaint are admitted.

69.     The allegations in Paragraph 69 of the Complaint are denied as written.

70.     The allegations in Paragraph 70 of the Complaint are denied as written.

71.     The allegations in Paragraph 71 of the Complaint are denied.

72.     The allegations in Paragraph 72 of the Complaint are denied.

73.     The allegations in Paragraph 73 of the Complaint are denied.

74.     The allegations in Paragraph 74 of the Complaint are denied.

## COUNT II - NISUS' RESPONSE TO FAILURE TO WARN

75.     Nisus realleges all prior responses to Paragraphs 1 through 74 as if copied herein *in extenso*.

76.     The allegations in Paragraph 76 of the Complaint are denied.

77.     The allegations in Paragraph 77 of the Complaint are denied.  To the extent the allegations refer to a written document, Nisus avers the written document is the best evidence of its contents, and any allegations that tend to expand, modify or vary the terms and conditions of the written document are expressly denied.

78.     The allegations in Paragraph 78 of the Complaint are denied.

79.     The allegations in Paragraph 79 of the Complaint are denied.

80.    The allegations in Paragraph 80 of the Complaint are denied.

## COUNT III - NISUS' RESPONSE TO UNREASONABLY
## DANGEROUS PRODUCTS

81.    Nisus realleges all prior responses to Paragraphs 1 through 80 as if copied herein *in extenso*.

82.    The allegations in Paragraph 82 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 82 of the Complaint are denied for lack of sufficient information to justify a belief therein.

83.    The allegations in Paragraph 83 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 83 of the Complaint are denied for lack of sufficient information to justify a belief therein.

84.    The allegations in Paragraph 84 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 84 of the Complaint are denied for lack of sufficient information to justify a belief therein.

85.    The allegations in Paragraph 85 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 85 of the Complaint are denied for lack of sufficient information to justify a belief therein.

86.    The allegations in Paragraph 86 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in

Paragraph 86 of the Complaint are denied for lack of sufficient information to justify a belief therein.

87.     The allegations in Paragraph 87 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 87 of the Complaint are denied for lack of sufficient information to justify a belief therein.

88.     The allegations in Paragraph 88 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 88 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## COUNT IV - NISUS' RESPONSE TO FAILURE TO WARN

89.     Nisus realleges all prior responses to Paragraphs 1 through 88 as if copied herein *in extenso*.

90.     The allegations in Paragraph 90 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 90 of the Complaint are denied for lack of sufficient information to justify a belief therein.

91.     The allegations in Paragraph 91 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 91 of the Complaint are denied for lack of sufficient information to justify a belief therein.

92.    The allegations in Paragraph 92 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 92 of the Complaint are denied for lack of sufficient information to justify a belief therein.

93.    The allegations in Paragraph 93 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 93 of the Complaint are denied for lack of sufficient information to justify a belief therein.

94.    The allegations in Paragraph 94 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 94 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## COUNT V - RESPONSE TO REDHIBITION, NEGLIGENCE, AND BREACH OF WARRANTY

95.    Nisus realleges all prior responses to Paragraphs 1 through 94 as if copied herein *in extenso*.

96.    The allegations in Paragraph 96 of the Complaint do not require a response from the defendant, Nisus; however, should a response be required, the allegations contained in Paragraph 96 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## REQUEST FOR JURY TRIAL

97.    Plaintiff's request for a trial by jury does not require a response from the

defendant, Nisus; however, should a response be required, Nisus admits that Plaintiff may request a trial by jury. Further answering, Nisus requests that Plaintiff's request for a trial by jury be made reciprocal to Nisus.

## PRAYER FOR RELIEF

98.    The paragraph of the Complaint beginning with "WHEREFORE. . ." contains Plaintiff's prayers for relief in subparts 1 through 3 and, therefore, requires no response from Nisus. Nonetheless, Nisus denies that Plaintiff is entitled to any of the relief requested therein from Nisus, and Nisus demands strict proof of same.

## GENERAL DENIAL

Nisus expressly denies all allegations in the Plaintiff's Complaint except to the extent expressly admitted herein and denies any unnumbered or incorrectly numbered paragraphs. Further, Nisus expressly denies that it is liable to Plaintiff or that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

**AND NOW**, in further answer to the Complaint and without assuming any burdens not otherwise imposed by law, Nisus asserts discovery and investigation may reveal that one or more of the following affirmative defenses should be available to Nisus in this matter.

By alleging the matters set forth below, Nisus does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. If necessary and/or in the alternative, Nisus raises the following defenses, but reserves the right to amend its Answer to

raise any additional defenses which it may have against Plaintiff's claims and/or as discovery proceeds.  Upon completion of discovery, if facts warrant, Nisus may withdraw any of the affirmative defenses as may be appropriate.

## FIRST DEFENSE

The Complaint, in whole or part, fails to state a claim, cause, or right of action against Nisus upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Nisus are barred in whole or in part by the failure of the Plaintiff and/or others for whom Nisus is not legally responsible to exercise ordinary care and caution to protect against the damages claimed in this litigation.

## THIRD DEFENSE

Plaintiff's damages, if any and which are denied, were caused in whole or in part by pre-existing conditions or conditions in the premises, or by superseding, intervening, and/or natural causes, for which Nisus cannot be held legally responsible.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole because Plaintiff cannot proffer any scientifically reliable evidence that Nisus' Bora-Care with Mold Care® was defective or unreasonably dangerous.

## FIFTH DEFENSE

Any alleged negligent or culpable conduct of Nisus, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Nisus' product, Bora-Care with Mold Care®, was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Nisus' product, Bora-Care with Mold Care®, was not defective or unreasonably dangerous in that the product complied with, at all relevant times, all applicable government safety standards.

## EIGHTH DEFENSE

Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Bora-Care with Mold Care® branded product.

## NINTH DEFENSE

Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA approved product labeling.

## TENTH DEFENSE

If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Nisus is neither liable nor responsible or resulted from causes that are not related or connected with any product sold, distributed, or manufactured by Nisus. Such acts or omissions on the part of others or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

**ELEVENTH DEFENSE**

Nisus made no warranties of any kind or any representations of any nature whatsoever to Plaintiff and/or any general contractor and/or subcontractor who worked on the Nicholson Gateway Project. If any such warranties were made, which Nisus specifically denies, then Plaintiff and/or any general contractor and/or subcontractor who worked on the Nicholson Gateway Project failed to give notice of any breach thereof.

**TWELTH DEFENSE**

If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Nisus' product.

**THIRTEENTH DEFENSE**

While denying at all times that Plaintiff has stated a valid claim under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq*., to the extent such a claim is found to exist, Nisus pleads all limitations and available defenses set forth in the provisions of the Louisiana Products Liability Act, including the sections which provide that the Louisiana Products Liability Act provides an exclusive remedy.

**FOURTEENTH DEFENSE**

Nisus did not sell or distribute Bora-Care with Mold Care® directly to Plaintiff. Plaintiff's claims are, therefore, barred by lack of privity between Plaintiff and Nisus.

**FIFTEENTH DEFENSE**

Plaintiff's claims may be barred by failure to join an indispensable party or real party in interest necessary for the just adjudication of this matter.

**SIXTEENTH DEFENSE**

No act or omission by Nisus was the proximate cause, contributing cause, or otherwise a cause of any damages alleged by Plaintiff. The negligence of other persons or entities who are not parties to this suit was the sole proximate cause of, or a contributing cause to, the damages alleged in the Complaint. Nisus anticipates that more specific information regarding the identity and potential liability of these non-parties will be developed during discovery.

**SEVENTEENTH DEFENSE**

Claims against Nisus under the Louisiana Products Liability Act for alleged defects in design, manufacture, or warning of Bora-Care with Mold Care® are prescribed by the passage of more than one year after Plaintiff knew or should have known of damage to the fire suppression sprinkler system.

**EIGHTEENTH DEFENSE**

If Bora-Care with Mold Care® is proven to be manufactured by Nisus and is proven to have been installed in the Nicholson Gateway Project, Nisus denies that the Bora-Care with Mold Care® contained any defect that caused any damages to Plaintiff. In the alternative, Nisus affirmatively alleges that any damages were caused by an unforeseen misuse of the Bora-Care with Mold Care® product by any third party, including contractors and/or subcontractors involved in the construction of the Nicholson Gateway Project, under the supervision and control of some party or company other than Nisus, for which Nisus has no responsibility.

**NINETEENTH DEFENSE**

Plaintiff's claims with respect to alleged damages caused by Bora-Care with Mold Care® are barred by the spoliation of evidence and destruction of CPVC piping and sealant assemblies

removed by a third party and/or contractor and/or subcontractor who performed work on the Nicholson Gateway Project.

## **TWENTIETH DEFENSE**

Bora-Care with Mold Care® is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics, and Plaintiff and the contractors and/or subcontractors involved in the construction of the Nicholson Gateway already knew or reasonably should be expected to know of the characteristic of the product that may cause damage and the dangers of such characteristic. Nisus thus had no duty to provide additional warnings to Plaintiff or the contractors and/or subcontractors involved in the construction of the Nicholson Gateway Project. Plaintiff has no claim against Nisus for failure to warn of the danger of exposing CPVC pipe to Bora-Care with Mold Care®.

## **TWENTY-FIRST DEFENSE**

The damages of which Plaintiff complains were caused by or the result of superseding actions of independent third parties, third persons, contractors, and/or subcontractors for which Nisus has no responsibility, or by intervening events, factors, circumstances, occurrences or conditions that were in no way caused or contributed to by Nisus, and over which Nisus had no control. This includes but is not limited to the general contractors and its subcontractors who ignored warnings and/or approved the application of Bora-Care with Mold Care® on CPVC pipe used as parts of the fire suppression sprinkler system. These intervening, superseding causes relieve Nisus of any liability.

**TWENTY-SECOND DEFENSE**

Alternatively, the damages of which Plaintiff complains were caused by the negligence or fault of independent third parties, third persons, or organizations including, but not limited to, the general contractor and its subcontractors who ignored the warning and/or installed or applied Bora-Care with Mold Care® to CPVC pipe, and other manufacturers who manufactured sealant, caulk, paint, or other construction materials that were applied to any of the CPVC pipe. Any liability of Nisus is reduced by the fault or negligence of Plaintiff, the general contractors, its subcontractors, and/or others involved in the construction of the Nicholson Gateway Project.

**TWENTY-THIRD DEFENSE**

If it is determined that Nisus is liable in whole or in part for any damages sustained by Plaintiff, which is denied, then Nisus is entitled to a credit for any amounts paid to Plaintiff by any other persons or entities, regardless of whether they are parties to this lawsuit, for any such damages allegedly sustained by Plaintiff for which it seeks recovery from Nisus.

**TWENTY-FOURTH DEFENSE**

Nisus pleads the terms, conditions, and warnings in its label, drawings, product brochures, and/or published information that accompanied any container of Bora-Care with Mold Care® manufactured by Nisus that may have been installed in the Nicholson Gateway Project.

**TWENTY-FIFTH DEFENSE**

Nisus alleges and avers that any damages and/or losses and/or expense incurred that Plaintiff alleges they have sustained and/or will sustain, were the result of the fault, negligence, and/or neglect of the general contractors and/or subcontractors own fault and breach of their contractual obligations of good workmanship, including following installation instructions, for permitting the installation or application by spraying or otherwise of incompatible sealant,

caulk, spray, cement, gypsum, paint, tape, excessive cement, or any other foreign substance or material on any of the CPVC pipe, and/or were caused by the fault of independent third parties, third persons, or other parties, including the fault of the general contractors' subcontractors that installed or applied, by spraying or otherwise, incompatible sealant, caulk, spray, cement, gypsum, paint, tape, excessive cement, or any other foreign substance or material to any of the CPVC pipe, and/or the fault of Spears Manufacturing, who allegedly manufactured the sealant that was applied to any of the CPVC pipe.

### TWENTY-SIXTH DEFENSE

Nisus alleges and avers that any damages allegedly sustained by Plaintiff are solely and proximately the result of the Plaintiff, as well as the general contractors and/or subcontractors, voluntary assumption of known risks, dangers and/or hazards, all which were or should have been obvious and known to Plaintiff, the general contractors, and subcontractors, and therefore Plaintiff is estopped from claiming any right of recovery whatsoever against Nisus for any alleged damages.

### TWENTY-SEVENTH DEFENSE

Nisus pleads that it cannot be liable or responsible for any actions, negligence, fault, breach of contract, and/or liability of, or offenses committed by any general contractor, subcontractors, independent contractors, or third persons such that any claims by the Plaintiff against Nisus should be dismissed with prejudice.

### TWENTY-EIGHTH DEFENSE

Nisus pleads that it did not exercise operational control over the activities, work, premises, and/or equipment in question at the Nicholson Gateway Project, in whole or in part, such that any claims by the Plaintiff against Nisus should be dismissed with prejudice.

### TWENTY-NINTH DEFENSE

In the alternative, and only in the event that Plaintiff establishes liability on part of Nisus, which is specifically denied, Nisus avers that independent third parties, third persons, contractors, and/or subcontractors were negligent and recovery herein is defeated or mitigated, or reduced by the percentage of fault allocated to any independent third parties, third persons, contractors, and/or subcontractors negligence.

### THIRTEETH DEFENSE

Plaintiff has failed to mitigate its alleged damages as required by law, and said failure to mitigate is plead in bar to, or diminution of the Plaintiff's recovery.

### THIRTY-FIRST DEFENSE

Any damages Plaintiff alleges they have sustained were the result of superseding actions of an independent third party, third person, contractors, and/or subcontractors for which Nisus has no responsibility, or by intervening events, factors, circumstance, occurrences, or conditions that were in no way caused or contributed to by Nisus, and over which Nisus had no control.

### THIRTY-SECOND DEFENSE

In the alternative, Nisus avers and alleges the fault of others who may have specified or approved the use and application by spraying or otherwise incompatible sealant, caulk, spray, gypsum, paint, excessive cement, or any other foreign substance or material, made or used by others, on any CPVC pipe manufactured by Spears Manufacturing that was installed in the Nicholson Gateway Project, when they knew or should have known such sealant, caulk, spray, gypsum, paint, excessive cement or any other foreign substance or material may be incompatible with the CPVC pipe.

## THIRTY-THIRD DEFENSE

Nisus pleads that the Plaintiff cannot satisfy its burden of proof under the laws and statutes applicable to this case.

## THIRTY-FOURTH DEFENSE

Nisus further reserves the right to supplement and/or amend this answer to assert additional affirmative defenses to which it may be entitled upon completion of further investigation, or which may be uncovered in the course of discovery.

## JURY DEMAND

Nisus requests and prays for a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Nisus Corporation requests that this Answer be deemed good and sufficient, and, after due delays and proceedings are had, that here be judgment herein in Nisus Corporation's favor, dismissing the Plaintiff's claims against Nisus in their entirety, with prejudice, and grant Nisus its costs, fees, and expenses, and such other equitable and legal relief as the Court may deem just and proper.

## THIRD-PARTY COMPLAINT

**NOW COMES**, Nisus Corporation, which submits this Third-Party Complaint against Niles Bolton Associates, Inc., The Lemoine Company, LLC, and Doster Construction Company, Inc., and avers as follows:

## PARTIES

### I.

Third-Party Complainant, Nisus Corporation ("Nisus"), is a Tennessee corporation with its principal place of business in Rockford, Tennessee.

### II.

Third-Party Defendant, Niles Bolton Associates, Inc. ("Niles Bolton") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Its registered agent for service of process in Louisiana is CT Corporation System located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

### III.

Third-Party Defendant, The Lemoine Company, LLC ("Lemoine"), is a limited liability company organized under the laws of the state of Louisiana and maintains its principal place of business in Lafayette, Louisiana. Lemoine's members are all citizens of Louisiana. Its registered agent for service of process in Louisiana is Vincent Champagne, II, 1906 Eraste Landry Road, Suite 200, Lafayette, Louisiana 70506.

### IV.

Third-Party Defendant, Doster Construction Company, Inc. ("Doster"), is an Alabama corporation with its principal place of business in Birmingham, Alabama. Its registered agent for service of process in Louisiana is CT Corporation System located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

## JURISDICTION AND VENUE

### V.

This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of fees and costs, is greater than $75,000 and there is complete diversity of citizenship between the parties.

### VI.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Complaint and this Third-Party Complaint occurred in this judicial district.

## BACKGROUND

### VII.

The Nicholson Gateway Project ("Project") is a 28-acre mixed use development consisting of student apartment housing, retail, university recreation space, and surface and structured parking located along Nicholson Drive across from Tiger Stadium and the Bernie Moore Track Stadium in Baton Rouge, Louisiana.

### VIII.

The apartment housing complex at the Project consists of student housing apartments in five buildings named Canal, Delta, Gulf, Marsh, and Oxbow.

### IX.

The Project began as a public-private partnership between Louisiana State University ("LSU"), the LSU Property Foundation, Rise Tigers, LLC ("Rise"), and Provident Resources

Group, Inc. ("Provident"), to design, build, finance, operate, and maintain student apartment housing at the Project.

## X.

LSU partnered with Provident and Rise to undertake the first phase of the development. Provident, in coordination with Rise and LSU, financed the design, construction, and equipment of the apartment housing complex.

## XI.

Rise was selected to serve as the developer for the Project.

## XII.

Niles Bolton Associates was hired to serve as the architect to design the Project, and their duties included, but were not limited to, designing the fire suppression sprinkler system for the apartment buildings and preparing and approving of construction materials for the Project.

## XIII.

On or about August 8, 2016, Rise entered into an Initial Construction Services Agreement with Lemoine.

## XIV.

On or about September 1, 2016, Rise and Lemoine entered into a contract for Lemoine to act as the general contractor for the construction of the Project, which included the five apartment buildings.

## XV.

Also, on or about September 1, 2016, Lemoine entered into a written contract with Doster for Doster to construct a substantial portion of the work required by Lemoine's contract with Rise.

XVI.

The apartment buildings were designed and outfitted with a fire suppression sprinkler system comprised of FlameGuard® chlorinated polyvinyl chloride ("CPVC") pipe manufactured by Spears Manufacturing, Inc. ("Spears").

XVII.

The FlameGuard® CPVC pipe was run throughout the apartment buildings in the hallways, corridors, and throughout the individual apartments and common areas.

XVIII.

Upon information and belief, Lemoine and Doster retained subcontractors to perform certain aspects and installation of the fire sprinkler suppression system for the Project including, but not limited to, a fire suppression system installation subcontractor and fire caulking subcontractor.

XIX.

Upon information and belief, Lemoine and Doster also retained subcontractors to perform certain aspects of the construction Project including, but not limited to, HVAC, electrical wiring, plumbing, drywall, and painting and wall covering.

XX.

Upon information and belief, the FlameGuard® CPVC pipe was installed prior to the construction of the walls and ceilings, installation of the wiring, and painting of the ceiling and walls to the apartment buildings.

XXI.

Upon further information and belief, during the construction of the Project, the FlameGuard® CPVC pipes were covered in various unknown chemicals such as knockdown

mud (gypsum), paint, adhesive, fire caulk, cement, and other random materials such as tape. Additionally, the CPVC pipe was in direct contact with electrical wiring and insulation, which were both placed on top of and rubbed on the pipes.

XXII.

Upon information and belief, construction on the Project was substantially complete on June 25, 2018.

XXIII.

Sometime after substantial completion, a sprinkler leak was noticed in one of the Project's apartment buildings.

XXIV.

Thereafter, additional leaks were discovered in another building.

XXV.

On July 23, 2021, Plaintiff, Allied World National Assurance Company, filed the instant suit against Nisus and Spears for alleged property damage that occurred when leaks were discovered from the fire suppression sprinkler.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE AGAINST NILES BOLTON ASSOCIATES

XXVI.

Nisus realleges and incorporates by reference all previous factual allegations of its Third-Party Complaint as if copied herein.

XXVII.

Niles Bolton Associates, as the architect of record for the Project, breached its standard of

care through one or more of the following non-exclusive acts or omissions:

    a.      Failing to properly design the fire suppression sprinkler system;

    b.      Designing and specifying improper, inadequate, or inappropriate materials;

    c.      Approving improper, inadequate, or inappropriate materials;

    d.      Breach of the applicable standard of care by failing to provide proper plans, specifications, and contract documents within those ordinarily encountered in the region;

    e.      Failing to provide known information related to compatibility of products;

    f.      Failing to provide services consistent with Project requirements;

    g.      Negligent preparation and design of plans and specifications;

    h.      Breach of the applicable standard of care in its design administrative services; and

    i.      Any other acts or omissions that become known through the course of discovery.

XXVIII.

Niles Bolton Associates breach of the standard of care in providing architectural services to the Project is the proximate and cause-in-fact of the damages alleged by Plaintiff.

**COUNT II – NEGLIGENCE AGAINST THE LEMOINE CONTRACTORS, LLC**

XXIX.

Nisus realleges and incorporates by reference all previous factual allegations of its Third-Party Complaint as if copied herein.

XXX.

Lemoine, through its agents and employees, acting in the scope of their employment, had a duty of care to perform all services in connection with the construction of the Project, including

the installation of the fire suppression sprinkler system and all component parts therein, in a skillful, workmanlike, prudent, and non-reckless manner, complying with the standard of care reasonably expected of a company of its type.

XXXI.

Lemoine was under an obligation of due care for the safety and protection of Plaintiff herein to observe all applicable statutes, codes, protocols, regulations, policies and procedures and to meet and/or exceed industry standards in performing its work.

XXXII.

Lemoine breached its duty to Plaintiff when it failed to use ordinary care, and indeed fell below the community standard of care when performing its services in connection with the installation of the fire suppression sprinkler system and all component parts therein, including, but not limited to, the following:

a.   Failing to take proper precautions while commissioning the installation of the fire suppression sprinkler system to ensure that it was properly installed and would not crack;

b.   Failing to take proper precaution in the installation of the fire suppression sprinkler system to ensure that it was properly installed and would not crack;

c.   Failing to perform its inspection of the fire suppression sprinkler system and its component parts in a reasonable, safe, and skillful manner;

d.   Failing to install the fire suppression sprinkler system and its component parts in a good and workmanlike manner.

e.   Negligently delegating, hiring, and/or supervising the workmanship and safety of the services delegated and/or subcontracted out;

29

f.      Negligently and improperly directing others in connection with the work on the fire suppression sprinkler system installed in the Project;

g.      Failing to comply with the safety standards in the industry when performing its work;

h.      Violating federal, state, and/or local ordinances, statutes, and/or codes in the manner in which it performed its work;

i.      Failing to take all other reasonable precautions to prevent the injury and damage that resulted; and

j.      Any other acts or omissions that become known through the course of discovery.

XXXIII.

Lemoine's breach of the standard of care in providing construction services to the Project is the proximate and cause-in-fact of the damages alleged by Plaintiff.

## COUNT III – NEGLIGENCE AGAINST DOSTER CONSTRUCTION COMPANY, INC.

XXXIV.

Nisus realleges and incorporates by reference all previous factual allegations of its Third-Party Complaint as if copied herein.

XXXV.

Doster, through its agents and employees, acting in the scope of their employment, had a duty of care to perform all services in connection with the construction of the Project, including the installation of the fire suppression sprinkler system and all component parts therein, in a skillful, workmanlike, prudent, and non-reckless manner, complying with the standard of care reasonably expected of a company of its type.

XXXVI.

Doster was under an obligation of due care for the safety and protection of Plaintiff herein to observe all applicable statutes, codes, protocols, regulations, policies and procedures and to meet and/or exceed industry standards in performing its work.

XXXVII.

Doster breached its duty to Plaintiff when it failed to use ordinary care, and indeed fell below the community standard of care when performing its services in connection with the installation of the fire suppression sprinkler system and all component parts therein, including, but not limited to, the following:

a.      Failing to take proper precautions while commissioning the installation of the fire suppression sprinkler system to ensure that it was properly installed and would not crack;

b.      Failing to take proper precaution in the installation of the fire suppression sprinkler system to ensure that it was properly installed and would not crack;

c.      Failing to perform its inspection of the fire suppression sprinkler system and its component parts in a reasonable, safe, and skillful manner;

d.      Failing to install the fire suppression sprinkler system and its component parts in a good and workmanlike manner.

e.      Negligently delegating, hiring, and/or supervising the workmanship and safety of the services delegated and/or subcontracted out;

f.      Negligently and improperly directing others in connection with the work on the fire suppression sprinkler system installed in the Project;

g.   Failing to comply with the safety standards in the industry when performing its work;

h.   Violating federal, state, and/or local ordinances, statutes, and/or codes in the manner in which it performed its work;

i.   Failing to take all other reasonable precautions to prevent the injury and damage that resulted; and

j.   Any other acts or omissions that become known through the course of discovery.

XXXVIII.

Doster's breach of the standard of care in providing construction services to the Project is the proximate and cause-in-fact of the damages alleged by Plaintiff.

**PRAYER FOR RELIEF**

XXXIX.

**WHEREFORE**, Defendant and Third-Party Complainant, Nisus Corporation, prays that its:

a)  Answer be deemed good and sufficient, and, after due delays and proceedings are had, that there be judgment herein in Nisus Corporation's favor, dismissing the Plaintiff's claims against Nisus in its entirety, with prejudice, and grant Nisus its costs, fees, and expenses, and such other equitable and legal relief as the Court may deem just and proper; and

b)  Third-Party Complaint be deemed good and sufficient, and after due delays and proceedings are had, there be judgment in its favor and against Third-Party Defendants, Niles Bolton Associates, Inc., The Lemoine Company, LLC, and Doster Construction Company, Inc.,

and grant Nisus its costs, fees, and expenses, and such other equitable and legal relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Kristopher M. Redmann*

**Seth A. Schmeeckle, Bar No. 27076**
**Kristopher M. Redmann, Bar No. 18397 (T.A.)**
**Gregory P. Aycock, Bar No. 26177 (T.A.)**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
        kredmann@lawla.com
        greg@lawla.com

**Attorneys for Defendant,**
**Nisus Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were electronically notified and all non-CM/ECF participants were otherwise served by electronic transmission, facsimile transmission and/or by U.S. Mail, properly addressed and postage prepaid this 27th day of September, 2021.

*/s/ Kristopher M. Redmann*