UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLIED WORLD NATIONAL ASSURANCE COMPANY

CIVIL ACTION

VERSUS

NISUS CORPORATION, ET AL.

NO. 21-00431-BAJ-EWD

## RULING AND ORDER

Before the Court are Motions to Dismiss filed by Third-Party Defendants the Lemoine Company, LLC; Doster Construction Company, Inc.; and Arrow Pest Control of Baton Rouge, Inc. (Docs. 29 & 30).[1] Third-Party Defendants seek to dismiss the third-party complaint filed by Third-Party Plaintiffs Nisus Corporation and Spears Manufacturing Co.[2] (Docs. 29 & 30). The motions are opposed. (Docs. 31 & 32). Third-Party Defendants filed sur-replies. (Docs. 37 & 40) For the reasons stated below, the Motions to Dismiss (Docs. 29 & 30) are **DENIED.**

## I. BACKGROUND

### a. Facts

In 2016, Provident Group – Flagship Properties, LLC ("Provident") contracted with RISE Tigers, LLC to construct a 28-acre mixed used development including apartment buildings. (Doc. 9 ¶ 10-11). RISE then contracted with Lemoine to serve

---

[1] The Court will collectively refer to the Lemoine Company, LLC; Doster Construction Company, Inc.; and Arrow Pest Control of Baton Rouge, Inc. as "Third-Party Defendants."

[2] The Court will collectively refer to Nisus Corporation and Spears Manufacturing as "Third-Party Plaintiffs."

as the general contractor on the project. (Doc. 9 ¶ 12). Lemoine in turn contracted out the work to various subcontractors, including Doster. (Doc. 29-1, p. 2).

The apartment buildings were outfitted with a fire suppression sprinkler system comprised primarily of chlorinated polyvinyl chloride pipe (CPVC) and related fittings and CPVC cement manufactured by Spears Manufacturing Company.[3] (Doc. 9 ¶ 15-17). During construction, Arrow, a subcontractor of Doster, sprayed a substance called Bora-Care with Mold-Care in the vicinity of the CPVC pipe to prevent the growth of mold and mildew on interior walls. (Doc 9 ¶ 20-21). Bora-Care with Mold Care is a termiticide/moldicide spray manufactured by Nisus. (Doc. 9, ¶ 20-21). At some later date, sprinkler leaks appeared and required the removal and replacement of the fire suppression systems in two apartment buildings.[4] (Doc. 9 ¶ 62).

Provident utilized an Owner Controlled Insurance Program to obtain insurance coverage for the project, under which Allied provided excess layer coverage. (Doc. 9 ¶ 53). An OCIP is a coordinated insurance program for construction projects that provides eligible participants with general liability coverage under one policy. (Doc. 29-1, p. 3). Under the OCIP, the coverages and limits were shared by all eligible parties who enrolled as OCIP Participants, including Lemoine, Doster, and Arrow.

---

[3]The following warning was included directly on the CPVC pipe manufactured by Spears: "REFER TO SPEARS INSTALLATION INSTRUCTIONS FOR LISTING LIMITATIONS AND REQUIREMENTS. WARNING: LIFE SAFETY SYSTEM DO NOT USE OR ALLOW CHEMICALS OR CABLES TO COME IN CONTACT WITH THIS CPVC FIRE SPRINKLER SYSTEM." (Doc. 14 ¶ 12).

[4] The parties do not specify when the leaks began to appear only that they appeared after "[c]onstruction of the Project was substantially complete on June 25, 2018." (Doc. 1 ¶ 25).

(Doc. 9 ¶ 53). Third-Party Plaintiffs were not enrollees under the OCIP and their involvement in the project was limited to manufacturing and selling products used in the construction. (Doc. 29-1, p. 3; Doc. 30-1, p. 3). Once the leaks were discovered, Allied paid a portion of the damage, then instituted this litigation asserting claims against Third-Party Plaintiffs by virtue of subrogation. (Doc. 29-1, p. 3; Doc. 30-1, p. 3).

**b. Procedural History**

Allied asserts claims under the Louisiana Products Liability Act against Third-Party Plaintiffs. Allied argues that Nisus' Bora-Care product deviated in a material way from Nisus specifications and performance standards because it was not compatible with CPVC pipe, fittings, and/or cement manufactured by Spears. (Doc. 1 ¶ 71). Allied also argues that Spears' CPVC pipe, fittings, and cement products deviated in a material way from the specifications and performance standards because they were not compatible with Bora-Care. (Doc. 1 ¶ 85).

Third-Party Plaintiffs denied all liability and filed third-party complaints. (Docs. 9 & 14). Nisus asserts that Lemoine and Doster were negligent and breached their duties to Allied in the design and installation of the sprinkler system. (Doc. 9). Spears asserts that Lemoine, Doster, and Arrow were negligent and breached their duties to Allied in the design and installation of the sprinkler system and for the failure to take proper precautions when applying Bora-Care with Mold-Care. (Doc. 14).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (*citing Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III. ANALYSIS

Under Federal Rule of Civil Procedure 14, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable

to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party plaintiff may not, however, implead a third-party defendant "merely because [the third-party defendant] may be liable to the plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978) (emphasis in original). A third-party demand is improper when it "amounts to no more than a mere offer of a party to the plaintiff." *Smallwood ex rel. T.M. v. New Orleans City*, 2015 WL 5883802, at *5 (E.D. La. Oct. 8, 2015) (citing advisory committee's notes on 1946 amendment to Rule 14). A third-party claim must be secondary or derivative of the main claim and "the original defendant must be able to demonstrate a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *USAA Gen. Indem. Co. v. Scott*, 2016 WL 8711678, at *2 (E.D. La. July 29, 2016) (quoting *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978)) (internal quotation marks omitted); *see also Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 316 F.R.D. 179, 182 (E.D. La. 2016) (citations omitted).

A third-party plaintiff must base its third-party claim on "indemnity, subrogation, contribution, express or implied warranty, or some other theory" of secondary or derivative liability. *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334 (5th Cir. 2011) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1446, at 415-20 (3d ed. 2010)). If a right to relief does not exist under the applicable substantive law, the third-party claim must be dismissed. *Id.* at 335. State substantive law determines whether the right to contribution or indemnity arises. *Smallwood*, 2015 WL 5883802, at *4 (citing *Gen.*

*Dynamics Corp. v. Adams*, 340 F.2d 271, 279 (5th Cir. 1965)).

**a. Products Liability and Comparative Fault**

Third-Party Defendants assert that under the comparative fault principles of the Louisiana Products Liability Act, Third-Party Plaintiffs can only be liable for their own fault. *Id.*

The Louisiana Products Liability Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products" in Louisiana, and so this products liability claim arises under the LPLA. La. R.S. 9:2800.52. Third-party tort claims for indemnity, however, are "nearly extinct in Louisiana." *Smallwood*, 2015 WL 5883802, at *4 (citing *Beauregard v. State ex rel. DOTD*, 21 So. 3d 442, 443 (La. App. 2009)). This is because the 1996 amendments to articles 2323 and 2324 of the Louisiana Civil Code eliminated solidary liability among non-intentional tortfeasors and implemented a system of comparative fault. *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 828 So. 2d 530, 535 (La. 2002).

Article 2323 provides in pertinent part:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined.... If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
> B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
> C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for

recovery of damages shall not be reduced.

La. Civ. Code art. 2323.

And article 2424 provides in pertinent part:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss....

La. Civ. Code art. 2324.

Therefore, each non-intentional tortfeasor may only be held liable for his own share of fault, and a joint tortfeasor may not be held solidarily liable with any other person for damages attributable to the fault of another. *Dumas*, 828 So. 2d at 537. This regime applies to products liability cases. *See 425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co.*, 151 F. Supp. 3d 715, 721 (E.D. La. 2015) (citing *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, 2011 WL 2214936, at *2 (W.D. La. June 6, 2011)). The Louisiana Supreme Court explained that the language of these two articles "clearly and unambiguously provides that comparative fault principles apply in any action for damages and apply to any claim asserted under any law or legal doctrine or theory of liability." *Thompson v. Winn-Dixie Montgomery*, Inc., 181 So. 3d 656, 664 (La. 2015) (internal quotation marks and citation omitted).

Here, under Louisiana's comparative fault regime, Third-Party Plaintiffs can only be liable to Allied for their own fault. Third-Party Plaintiffs cannot be held liable

for any fault on the part of Third-Party Defendants, and thus, under the comparative fault regime, Third-Party Plaintiffs have no third-party claims against Third-Party Defendants based on products liability. Only if Third-Party Plaintiffs demonstrate that they have asserted valid claims for indemnity, beyond the compass of comparative fault, will their third-party claims survive.

**b. Implied Indemnity**

Third-Party Plaintiffs assert that the well-plead allegations satisfy all the requirements to state a cause of action for implied indemnity against Third-Party Defendants. (Doc. 31, p. 9; Doc. 32, p. 8).

Indemnity permits "a party not actually at fault, whose liability results from the fault of others" to recover from those parties at fault. *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 186 (La. 1999). In the absence of an express contractual provision, a claim for legal indemnity "arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed." *425 Notre Dame, LLC*, 151 F. Supp. 3d at 721.

A third-party plaintiff successfully establishes a claim for implied indemnity by pleading sufficient facts that suggest that the third-party defendant "caused or contributed to the same damages for which" the primary plaintiff seeks to hold the third-party plaintiff liable. *J.A.H. Enters. v. BLH Equip., LLC*, 2017 U.S. Dist. LEXIS 852, at *16 (M.D. La. Jan. 4, 2017). Under Louisiana law, an implied indemnification

claim should not be dismissed for lack of a contractor-subcontractor or employer-employee type relationship where the third-party plaintiff has denied any wrongdoing and has alleged that any liability that it may have been incurred is only technical. *Thibodeaux v. Red Frog Events, LLC*, No. CV 17-00695-BAJ-EWD, 2018 WL 4373753, at *2 (M.D. La. Sept. 13, 2018).

The Court should dismiss a third-party claim for indemnity if "there is no foreseeable combination of findings, viewing the allegations of the pleadings . . . in the light most favorable to [the party seeking indemnity], that could resulting in [that party] being cast in judgment for mere technical or passive fault." *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267-68 (5th Cir. 1991). When considering whether there is a foreseeable combination of findings that may show that a third-party plaintiff is only technically liable for a third-party defendant's alleged negligence, the Court looks at the third-party complaint itself, without making factual findings at this stage. *Martco Ltd. Partnership v. Bruks Inc.*, 430 Fed. Appx 332, 336 (5th Cir. 2011).

The United States Court of Appeals for the Fifth Circuit reversed a district court's dismissal of a third-party complaint due to the district court's narrow interpretation of Louisiana indemnity law. *Martco Ltd. P'ship*, 430 F. App'x at 332; *see also Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, No. CIV. A. 13-672, 2013 WL 48544388, at *6 (E.D. La. Sept. 10, 2013). There, a customer brought an action against an equipment manufacturer who allegedly sold it defective equipment. *Id.* The manufacturer filed a third-party complaint seeking indemnity from an

engineering firm that provided it with designs for the equipment. *Id.* The district court originally held that non-contractual indemnity was limited to the context of employer-employee or contractor-subcontractor relationships and dismissed the engineering firm. *Id.* at 336.

The Fifth Circuit overturned the district court's decision, finding that at the third-party complaint stage, the court is "only concerned whether [third-party plaintiff] has stated in its third-party complaint, a plausible basis for an entitlement to legal indemnity . . . we do not decide whether, or under what circumstances any of the theories of relief will ultimately support an indemnity claim." *Id.* at 338.

Moreover, this Court denied a third-party plaintiff's motion to dismiss recognizing that factual determinations on the merits were inappropriate at the motion to dismiss stage. *Deggs v. Aptim Maintenance, LLC*, No. CV 19-00406-BAJ-EWD, 2021 WL 1208874, at *4 (M.D. La. Mar. 30, 2021). The Court found that a cause of action in implied indemnity can be maintained based on the possibility that the third-party plaintiff was only being held "technically" liable. *Id.* at *3.

Here, Third-Party Plaintiffs allege that they were exposed to liability because Third-Party Defendants breached the standards of care by, *inter alia*, failing to properly design and install the sprinkler system and failing to take proper precautions when applying Bora-Care with Mold-Care. *See* (Docs. 9 & 14). Third-Party Defendants argue that if Third-Party Plaintiffs are found liable to Allied, it will be attributable solely to Third-Party Plaintiffs' actual fault. While that may ultimately prove to be the case, such a determination turns on factual findings that

cannot be made at this stage. The Court is only concerned with whether Third-Party Plaintiffs have alleged a plausible basis for entitlement to legal indemnity. Accordingly, the third-party complaints filed by Third-Party Plaintiffs adequately state claims for indemnity that survive the 12(b)(6) Motion to Dismiss standard.

**c. Negligence**

Third-Party Defendants also assert that Third-Party Plaintiffs have failed to state a negligence claim against them. (Doc. 29-1, p. 11; Doc. 30-1, p. 14). Third-Party Defendants specifically allege that Third-Party Plaintiffs have failed to plead facts sufficient to establish the elements of a negligence claim under Louisiana law. *Id.*

To state a claim for negligence, under Louisiana law, a plaintiff must allege five separate elements: (1) the defendant had a duty to conform its conduct to a specific standard; (2) the defendant failed to conform its conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 8 (La. 3/10/06), 923 So.2d 627, 633 (citations omitted). Third-Party Defendants argue that Third-Party Plaintiffs "did not allege any facts from which the Court can infer that [they] owed" any duty. (Doc. 29-1, p. 12). A "no duty" defense in a negligence case is seldom appropriate. *Zirnko v. Am. Cynamid*, 03-0658 (La. App. 4 Cir. 6/8/05), 905 So.2d 465 (citation omitted). The relevant inquiry is whether the plaintiff can point to any law

to support the claim that the defendant owed him a duty. *Lemann*, 05-1095, p. 8 (La. 3/10/06), 923 So.2d 627, 633.

Here, Third-Party Defendants assert that Third-Party Plaintiffs claims are merely "vague, boilerplate recitations" of the elements of a negligence claim. (Doc. 30-1, p. 15). However, the Court finds that the third-party complaints provide enough facts to survive the motion to dismiss. The complaints describe the CPVC products that were used, chemical agents applied to them, and the parties involved in the construction. (Doc. 14 ¶¶ 6-10). Specifically, the complaints allege that the CPVC pipes were "covered in various unknown chemicals" and were "in direct contact with electrical wiring and insulation." (Doc. 9 ¶ 21). Third-Party Plaintiffs also allege that "upon information and belief" the CPVC pipes were installed in a manner inconsistent with Spears' instructions, warnings, and standards for installation. (Doc. 14 ¶ 12). Moreover, Third-Party Plaintiffs assert that Bora-Care with Mold-Care was applied in such a manner that it came into direct contact with the CPVC pipe "in direct contravention of the warnings and instructions." (Doc. 14 ¶ 16).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed by Third-Party Defendant the Lemoine Company, LLC and Doster Construction Company, Inc. (Doc. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Third-Party Defendants the Lemoine Company, LLC; Doster Construction Company, Inc.; and Arrow Pest Control of Baton Rouge, Inc. (Doc. 30) is **DENIED.**

Baton Rouge, Louisiana, this 30th day of June, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**