IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALLIED WORLD NATIONAL ASSURANCE COMPANY | * * * | CIVIL NO. 3:21-cv-00431-BAJ-EWD |
| Plaintiff, | * * | JUDGE BRIAN A. JACKSON |
| VERSUS | * * | |
| NISUS CORPORATION and SPEARS MANUFACTURING COMPANY | * * * | MAG. JUDGE ERIN WILDER-DOOMES |
| Defendants. | * * | |

**************************************

### NISUS CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

Nisus Corporation ("Nisus") hereby adopts Spears Manufacturing Company's ("Spears") opposition to the Motion for Protective Order Seeking Relief from Spears' Preservation Demand ("Motion") filed by Plaintiff, Allied World National Assurance Company ("Allied"). Nisus submits this memorandum to reiterate its position that it does not wish to incur unnecessary expenses with the preservation of the storage and samples of the pipes at issue in the Motion, while fully supporting Spears' request for full disclosure by Allied and its insureds of relevant information – chiefly, "(1) all locations in the subject buildings where leaks in the fire suppression system had been detected; (2) all repairs performed to such pipe; and (3) all evidence that had been previously removed by Allied from any of the buildings (along with an appropriate chain of custody)" – which Spears has been requesting for "over nine (9) months."[1]

---

[1] R. Doc. 63, p. 1 and R. Doc. 65, p. 6.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Prior to the June 27, 2022 telephone conference with the Court regarding the Motion, Allied and Spears submitted briefs outlining the factual background of the Motion,[2] while Nisus reserved its right to submit a brief to the court should the Motion be unresolved.[3] In order not to rehash pages of background facts already known by the Court and parties, Nisus adopts, as if copied herein *in extenso*, the eight (8) pages of factual background asserted by Spears in its Memorandum in Opposition to the Motion.[4]

A telephone conference was held on June 27, 2022 to discuss the Motion.[5] The Court provided guidance to the parties and instructed counsel to confer in light of the discussing during the telephone conference and in the event the dispute remained unresolved, the parties may complete briefing.[6] Nisus submits this brief to the court because the Motion is unresolved.

II.  **ARGUMENT**

   A. **Nisus should not be cast with costs to preserve any samples since Nisus did not request, nor obtain any samples from the Canal and Oxbow buildings.**

The inspection of the Canal and Oxbow buildings commenced on Sunday, June 12, 2022 and concluded on Friday, June 17, 2022. During the inspection, each party had an opportunity to select pipe, drywall, insulation, water, and wipe samples from the Canal and Oxbow buildings.[7] Over the course of the six-day inspection, a total of 295 samples were taken into evidence between Allied and Spears.[8] Nisus did not select, nor did it take any samples throughout the six days of inspection. Nisus should not be casts with costs because it does not require, nor has it requested, preservation of the pipe removed from the Canal and Oxbow buildings.

---

[2] R. Doc. 55 and R. Doc. 61
[3] R. Doc. 63.
[4] R. Doc. 61, pp. 2-10.
[5] R. Doc. 65.
[6] *Id.*, p. 7.
[7] *Id.*, p. 4.
[8] *Id.*

**B. Spears and Nisus should have full disclosure of all leaks.**

Documents already received in discovery seem to indicate that Allied's insureds were involved with addressing leaks in the fire suppression system years in advance of Allied's lawsuit. Nisus adopts Spears' position regarding Allied's obligation to produce a complete list of all leaks discovered by Allied and/or its insured including all locations in the subject buildings where leaks in the fire suppression system had been detected and all repairs performed to such pipe. In fairness, Nisus and Spears should have the same information and documentation that Allied and its subrogees and/or insureds have had as they are the only entities that have access to this critical information.

**III. CONCLUSION**

For these reasons, Nisus joins Spears request that Allied produce a full disclosure of information related to: (1) all locations in the subject buildings where leaks in the fire suppression system had been detected; (2) all repairs performed to such pipe; and (3) and all information of the items that were previously removed by Allied from any of the buildings along with an appropriate chain of custody. Nisus further respectfully requests that it not be cast with costs since it does not wish to have Allied preserve the six miles of linear pipe.

Respectfully submitted:

*/s/ Kristopher M. Redmann*
**Seth A. Schmeeckle, Bar No. 27076**
**Kristopher M. Redmann, Bar No. 18397 (T.A.)**
**Gregory P. Aycock, Bar No. 26177 (T.A.)**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
kredmann@lawla.com
greg@lawla.com

3

**Attorneys for Defendant,**
**Nisus Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were electronically notified and all non-CM/ECF participants were otherwise served by electronic transmission, facsimile transmission and/or by U.S. Mail, properly addressed and postage prepaid this 11th day of July, 2022.

/s/ Kristopher M. Redmann