UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLIED WORLD NATIONAL ASSURANCE COMPANY

CIVIL ACTION

VERSUS

NISUS CORPORATION, ET AL.

NO. 21-00431-BAJ-EWD

RULING AND ORDER

Before the Court is the **Motion to Dismiss Spears Manufacturing Co.'s Third-Party Complaint (Doc. 34)** filed by Third-Party Defendant Niles Bolton Associates, Inc.[1] The motion is opposed. (Doc. 46). For the reasons stated below, the Motion to Dismiss (Doc. 34) is **DENIED.**

## I. BACKGROUND

### a. Facts

In 2016, Provident Group – Flagship Properties, LLC ("Provident") contracted with RISE Tigers, LLC to construct a 28-acre mixed used development including apartment buildings. (Doc. 9 ¶ 10-11). Niles Bolton was hired as the architect for the Project. (Doc. 33-1, p. 2). RISE then contracted with Lemoine to serve as the general contractor on the project. (Doc. 9 ¶ 12). Lemoine in turn contracted out the work to various subcontractors, including Doster. (Doc. 29-1, p. 2).

The apartment buildings were outfitted with a fire suppression sprinkler

[1] "Niles Bolton adopts and incorporates by reference all facts, law, and argument set forth in its Motion to Dismiss Nisus Corporation's Third-Party Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6), as if copied herein *in extenso*." (Doc. 34-1, p. 1).

system comprised primarily of chlorinated polyvinyl chloride pipe (CPVC) and related fittings and CPVC cement manufactured by Spears Manufacturing Company.[2] (Doc. 9 ¶ 15-17). During construction, Arrow, a subcontractor of Doster, sprayed a substance called Bora-Care with Mold-Care in the vicinity of the CPVC pipe to prevent the growth of mold and mildew on interior walls. (Doc 9 ¶ 20-21). Bora-Care with Mold Care is a termiticide/moldicide spray manufactured by Nisus. (Doc. 9, ¶ 20-21). At some later date, sprinkler leaks appeared and required the removal and replacement of the fire suppression systems in two apartment buildings.[3] (Doc. 9 ¶ 62).

Provident utilized an Owner Controlled Insurance Program to obtain insurance coverage for the project, under which Allied provided excess layer coverage. (Doc. 9 ¶ 53). An OCIP is a coordinated insurance program for construction projects that provides eligible participants with general liability coverage under one policy. (Doc. 29-1, p. 3). Under the OCIP, the coverages and limits were shared by all eligible parties who enrolled as OCIP Participants, including Lemoine, Doster, and Arrow. (Doc. 9 ¶ 53). Spears was not enrolled in the OCIP and its involvement in the project was limited to manufacturing and selling products used in the construction. (Doc. 29-1, p. 3; Doc. 30-1, p. 3). Once the leaks were discovered, Allied paid a portion of the

[2]The following warning was included directly on the CPVC pipe manufactured by Spears: "REFER TO SPEARS INSTALLATION INSTRUCTIONS FOR LISTING LIMITATIONS AND REQUIREMENTS. WARNING: LIFE SAFETY SYSTEM DO NOT USE OR ALLOW CHEMICALS OR CABLES TO COME IN CONTACT WITH THIS CPVC FIRE SPRINKLER SYSTEM." (Doc. 14 ¶ 12).

[3] The parties do not specify when the leaks began to appear, only that they appeared after "[c]onstruction of the Project was substantially complete on June 25, 2018." (Doc. 1 ¶ 25).

damage, then instituted this litigation asserting claims against Spears by virtue of subrogation. (Doc. 29-1, p. 3; Doc. 30-1, p. 3).

**b. Procedural History**

Allied asserts claims under the Louisiana Products Liability Act against Spears. Allied argues that Spears' CPVC pipe, fittings, and cement products deviated in a material way from the specifications and performance standards because they were not compatible with Bora-Care. (Doc. 1 ¶ 85).

Third-Party Plaintiff denied all liability and filed its third-party complaint. (Doc. 14). Spears asserts that Niles Bolton was negligent and breached its duties to Allied in the design and installation of the sprinkler system and for the failure to take proper precautions when applying Bora-Care with Mold-Care. (Doc. 14).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (*citing Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III. ANALYSIS

Under Federal Rule of Civil Procedure 14, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party plaintiff may not, however, implead a third-party defendant "merely because [the third-party defendant] may be liable to the plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978) (emphasis in original). A third-party demand is improper when it "amounts to no more than a mere offer of a party to the plaintiff." *Smallwood ex rel. T.M. v. New Orleans City*, 2015 WL 5883802, at *5 (E.D. La. Oct. 8, 2015) (citing advisory committee's notes on 1946 amendment to Rule 14). A third-party claim must be secondary or derivative of the main claim and "the original defendant must be able to demonstrate a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *USAA Gen. Indem. Co. v. Scott*, 2016 WL 8711678, at *2 (E.D. La. July 29, 2016) (quoting *McCain v. Clearview*

*Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978)) (internal quotation marks omitted); *see also Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 316 F.R.D. 179, 182 (E.D. La. 2016) (citations omitted).

A third-party plaintiff must base its third-party claim on "indemnity, subrogation, contribution, express or implied warranty, or some other theory" of secondary or derivative liability. *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334 (5th Cir. 2011) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1446, at 415-20 (3d ed. 2010)). If a right to relief does not exist under the applicable substantive law, the third-party claim must be dismissed. *Id.* at 335. State substantive law determines whether the right to contribution or indemnity arises. *Smallwood*, 2015 WL 5883802, at *4 (citing *Gen. Dynamics Corp. v. Adams*, 340 F.2d 271, 279 (5th Cir. 1965)).

**a. Products Liability and Comparative Fault**

Niles Bolton asserts that under the comparative fault principles of the Louisiana Products Liability Act, Spears can only be liable for its own fault. *See* (Doc. 34).

The Louisiana Products Liability Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products" in Louisiana, and so this products liability claim arises under the LPLA. La. R.S. 9:2800.52. Third-party tort claims for indemnity, however, are "nearly extinct in Louisiana." *Smallwood*, 2015 WL 5883802, at *4 (citing *Beauregard v. State ex rel. DOTD*, 21 So. 3d 442, 443 (La. App. 2009)). This is because the 1996 amendments to articles 2323 and 2324 of

the Louisiana Civil Code eliminated solidary liability among non-intentional tortfeasors and implemented a system of comparative fault. *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 828 So. 2d 530, 535 (La. 2002).

Article 2323 provides in pertinent part:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined.... If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
> B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
> C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.

La. Civ. Code art. 2323.

And article 2424 provides in pertinent part:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss....

La. Civ. Code art. 2324.

Therefore, each non-intentional tortfeasor may only be held liable for his own share of fault, and a joint tortfeasor may not be held solidarily liable with any other

person for damages attributable to the fault of another. *Dumas*, 828 So. 2d at 537. This regime applies to products liability cases. *See 425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co.*, 151 F. Supp. 3d 715, 721 (E.D. La. 2015) (citing *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, 2011 WL 2214936, at *2 (W.D. La. June 6, 2011)). The Louisiana Supreme Court explained that the language of these two articles "clearly and unambiguously provides that comparative fault principles apply in any action for damages and apply to any claim asserted under any law or legal doctrine or theory of liability." *Thompson v. Winn-Dixie Montgomery*, Inc., 181 So. 3d 656, 664 (La. 2015) (internal quotation marks and citation omitted).

Here, under Louisiana's comparative fault regime, Spears can only be liable to Allied for its own fault. Spears cannot be held liable for any fault on the part of Niles Bolton, and thus, under the comparative fault regime, Spears has no third-party claim against Niles Bolton based on products liability. Only if Spears demonstrates that it has asserted a valid claim for indemnity, beyond the compass of comparative fault, will its third-party claim survive.

**b. Implied Indemnity**

Spears asserts that the well-plead allegations satisfy all the requirements to state a cause of action for implied indemnity against Niles Bolton. (Doc. 46, p. 6).

Indemnity permits "a party not actually at fault, whose liability results from the fault of others" to recover from those parties at fault. *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 186 (La. 1999). In the absence of an express contractual provision, a claim for legal indemnity "arises only when the fault of the person seeking

indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed." *425 Notre Dame, LLC,* 151 F. Supp. 3d at 721.

A third-party plaintiff successfully establishes a claim for implied indemnity by pleading sufficient facts that suggest that the third-party defendant "caused or contributed to the same damages for which" the primary plaintiff seeks to hold the third-party plaintiff liable. *J.A.H. Enters. v. BLH Equip., LLC,* 2017 U.S. Dist. LEXIS 852, at *16 (M.D. La. Jan. 4, 2017). Under Louisiana law, an implied indemnification claim should not be dismissed for lack of a contractor-subcontractor or employer-employee type relationship where the third-party plaintiff has denied any wrongdoing and has alleged that any liability that it may have been incurred is only technical. *Thibodeaux v. Red Frog Events, LLC,* No. CV 17-00695-BAJ-EWD, 2018 WL 4373753, at *2 (M.D. La. Sept. 13, 2018).

The Court should dismiss a third-party claim for indemnity if "there is no foreseeable combination of findings, viewing the allegations of the pleadings . . . in the light most favorable to [the party seeking indemnity], that could resulting in [that party] being cast in judgment for mere technical or passive fault." *Threlkeld v. Haskins Law Firm,* 922 F.2d 265, 267-68 (5th Cir. 1991). When considering whether there is a foreseeable combination of findings that may show that a third-party plaintiff is only technically liable for a third-party defendant's alleged negligence, the Court looks at the third-party complaint itself, without making factual findings at

this stage. *Martco Ltd. Partnership v. Bruks Inc.*, 430 Fed. Appx 332, 336 (5th Cir. 2011).

The United States Court of Appeals for the Fifth Circuit reversed a district court's dismissal of a third-party complaint due to the district court's narrow interpretation of Louisiana indemnity law. *Martco Ltd. P'ship*, 430 F. App'x at 332; *see also Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, No. CIV. A. 13-672, 2013 WL 48544388, at *6 (E.D. La. Sept. 10, 2013). There, a customer brought an action against an equipment manufacturer who allegedly sold it defective equipment. *Id.* The manufacturer filed a third-party complaint seeking indemnity from an engineering firm that provided it with designs for the equipment. *Id.* The district court originally held that non-contractual indemnity was limited to the context of employer-employee or contractor-subcontractor relationships and dismissed the engineering firm. *Id.* at 336.

The Fifth Circuit overturned the district court's decision, finding that at the third-party complaint stage, the court is "only concerned whether [third-party plaintiff] has stated in its third-party complaint, a plausible basis for an entitlement to legal indemnity . . . we do not decide whether, or under what circumstances any of the theories of relief will ultimately support an indemnity claim." *Id.* at 338.

Moreover, this Court denied a third-party plaintiff's motion to dismiss recognizing that factual determinations on the merits were inappropriate at the motion to dismiss stage. *Deggs v. Aptim Maintenance, LLC*, No. CV 19-00406-BAJ-EWD, 2021 WL 1208874, at *4 (M.D. La. Mar. 30, 2021). The Court found that a cause

of action in implied indemnity can be maintained based on the possibility that the third-party plaintiff was only being held "technically" liable. *Id.* at *3.

Here, Spears alleges that it was exposed to liability because Niles Bolton breached the standards of care by, *inter alia*, failing to properly design and install the sprinkler system and failing to take proper precautions when applying Bora-Care with Mold-Care. *See* (Doc. 14). Niles Bolton argues that if Spears is found liable to Allied, it will be attributable solely to Spears's actual fault. While that may ultimately prove to be the case, such a determination turns on factual findings that cannot be made at this stage. The Court is only concerned with whether Spears has alleged a plausible basis for entitlement to legal indemnity. Accordingly, the third-party complaint filed by Spears adequately states claims for indemnity that survive the 12(b)(6) Motion to Dismiss standard.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed by Third-Party Defendant Niles Bolton Associates, Inc. (Doc. 34) is **DENIED.**

Baton Rouge, Louisiana, this 11th day of July, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**